UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH McCOY, | ) | 1:07-CV-01069 LJO SMS HC |
| | ) | |
|     Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) | |
| | ) | [Doc. #14] |
| IVAN CLAY, Warden, | ) | |
| | ) | |
|     Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction on March 31, 2000, of possession of a weapon. See Petition at 3. In addition, allegations that Petitioner had previously suffered prior felony convictions within the meaning of California's Three Strikes law were found to be true. Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison. Id.

Petitioner appealed his conviction in the California courts. On October 16, 2002, the California Supreme Court denied his petition for review. See Attachment 1 to Respondent's Motion to Dismiss (hereinafter "Motion").

Petitioner then filed five post-conviction collateral challenges in the state courts, all petitions for writ of habeas corpus, as follows:

1. <u>Monterey County Superior Court</u>
   Filed: Unknown[1];
   Denied: February 18, 2003;

2. <u>California Court of Appeals</u>
   Filed: April 23, 2003[2];
   Denied: May 9, 2003;

3. <u>California Supreme Court</u>
   Filed: May 29, 2003;
   Denied: February 4, 2004;

4. <u>Kings County Superior Court</u>
   Filed: July 11, 2006;
   Denied: August 9, 2006;

5. <u>California Court of Appeals</u>
   Filed: August 29, 2006;
   Denied: September 7, 2006.

<u>See</u> Attachments 1-7, Motion.

On June 29, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On October 9, 2007, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Respondent states he does not know the date the petition was filed and he does not submit a copy of the petition. He does, however, submit a copy of the order denying the petition. <u>See</u> Attachment 2, Motion.

[2] Although the petition was filed in the appellate court on April 30, 2003, the petition was dated April 23, 2003. In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001), *citing* <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Therefore under the mailbox rule, the Court deems the petition filed on April 23, 2003, the date Petitioner presumably handed his petition to prison authorities for mailing.

1    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
2 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
3 state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
4 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
5 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
6 state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
7 Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
8 should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

9    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
10 one-year limitations period. Because Respondent's motion to dismiss is similar in procedural
11 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
12 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
13 dismiss pursuant to its authority under Rule 4.

14 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

15    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
16 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of
17 habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,
18 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.
19 586 (1997).

20    In this case, the petition was filed on June 29, 2007, and therefore, it is subject to the
21 provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners
22 seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended,
23 § 2244, subdivision (d) reads:

24    (1) A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court. The
25   limitation period shall run from the latest of –

26       (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
27
         (B) the date on which the impediment to filing an application created by
28   State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on October 16, 2002. Thus, direct review concluded on January 14, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year from January 15, 2003, until January 14, 2004, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until June 29, 2007, over three years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on January 15, 2003. Petitioner filed his first state habeas petition on an unknown date, and the petition was denied on February 18, 2003. Petitioner is not entitled to tolling for time this petition was pending, because the petition was denied as untimely. See Pace, 544 U.S. 408; Evans, 546 U.S. 189. Petitioner filed his next state court petition on April 23, 2003, in the appellate court. The petition was denied without comment or citation of authority. The appellate court, by its "silent order" denying review of the superior court's decision, is presumed to have denied the claims presented for the same reasons stated in the superior court's opinion. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). For this reason, Petitioner is not entitled to tolling for the time this petition was pending. Likewise, the next habeas petition filed in the California Supreme Court on May 29, 2003, and denied without comment on February 4, 2004, does not operate to toll the limitations period since the California Supreme Court is presumed to have denied the petition for the same reasons stated by the lower courts, to wit, untimeliness.

On July 11, 2006, Petitioner filed his next habeas petition, this time in the Kings County Superior Court. However, the limitations period had already expired over two years earlier on January 14, 2004. Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). For the same reason, the subsequent petition did not operate to toll the statute of limitations.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

Petitioner makes no showing that he should be given equitable tolling, and the Court can find no reason to award it. Therefore, the petition remains untimely and must be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 28, 2007**            /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE